## Handicapped Children (No. 1)

476

ELMER T. BOLLA, Deputy Attorney General, and THOMAS D. MCBRIDE, Attorney General, May 16, 1958. —You have requested our advice on a number of problems arising under the Public School Code of 1949.[1] Since all of these problems relate, in some measure, to

[1] Public School Code of March 10, 1949, P. L. 30, 24 PS §§1-101 to 27-2702.

the statutory provisions dealing with handicapped children, we shall discuss all of them in this one opinion. The questions you ask are as follows:

I. May the Department of Public Instruction require that personnel employed by county boards of school directors to perform supervisory functions in the program for handicapped children be certified in special education and/or psychology?

II. May the Department of Public Instruction pay to any approved State or nonstate institution expenses incurred for transportation, maintenance and instruction of a physically handicapped child who is not blind, deaf or suffering from cerebral palsy?

III. In submitting its annual estimate of the cost of classes or schools for handicapped children for the ensuing school year to the Department of Public Instruction, may the county boards of school directors include expenses for furniture, apparatus and similar capital outlay?

IV. Should the purchase of transportation equipment for transportation of handicapped children by the county board be considered an expense of transportation and paid from the appropriation for general transportation or an item of capital outlay and paid from the appropriation for handicapped children?

V. May the expenses of auditing the accounts of and bonding the treasurer of the county board of school directors, the compensation to the secretary and treasurer of the county board of school directors and the payments for legal services to the county board be included in the estimate of costs for operating classes and schools for handicapped children submitted annually by the county board of school directors?

VI. May homebound instruction be approved for girls who become pregnant while enrolled in school, for mentally retarded children who are also physically dis-

abled and for children suffering from social and emotional sicknesses?

I. Section 925 (*b*) (4) of the code, 24 PS §9-925 (*b*) (4), empowers the county board of school directors to employ all the persons necessary to carry out the program for handicapped children and to fix their salaries. However, the program itself can be conducted only in conformity with standards established by the State Council of Education and according to plans submitted for its approval by the county boards.[2] The State Council may also provide for such teaching certificates as are necessary under its rules and regulations.[3] -The power of the county boards to employ personnel, therefore, is subject to the standards required by the State Council of Education [4] which may require such certification as it deems necessary to effectuate fully the program for handicapped children.

II. Section 1376 of the code, 24 PS §13-1376, provides for payments by local school districts and the Department of Public Instruction to institutions for children who are blind, deaf and afflicted with cerebral palsy, on behalf of residents of Pennsylvania enrolled in such institutions. No similar provision exists with regard to persons handicapped in other ways.[5] Therefore, the Department may not pay expenses for children not blind, deaf or afflicted with cerebral palsy.

III. Section 2509.1 of the code, 24 PS §25-2509.1, requires each county board annually to submit an estimate of the cost of classes or schools for handicapped children to be operated by it during the ensuing school year. It is inconceivable that such classes could be

---

[2] Public School Code of 1949, sec. 1372, 24 PS §13-1372.

[3] Id., sec. 1201, 24 PS §12-1201.

[4] Note that this authority is in the State Council, not in the Department of Public Instrucion.

[5] We are here construing only the duty and authority of the Department of Public Instruction to pay such expenses.

maintained without having the furniture, equipment and supplies necessary to accommodate and teach the handicapped. These items clearly are part of the cost of operation of these classes and should be included in each county board's estimate as an expense of this activity.

IV. Each county board of school directors, in submitting its annual estimate of costs for the operation of classes and schools for handicapped children, must also include the costs to be incurred by it for transporting pupils to classes and schools for such children.[6] In some instances this transportation will be furnished by the county board even though the local district conducts the class, and section 2509.1 of the code, 24 PS §25-2509.1, provides for a return by the local district of funds received by it from the State for transportation of handicapped children when the transportation actually is furnished by the county board.

Unlike local districts,[7] county boards have no authority to purchase transportation equipment (e.g., buses) and must necessarily contract for the necessary transportation. Thus, no capital outlay will be incurred by the county board. Since payments to school districts for pupil transportation are the subject of a separate appropriation under section 2541 of the code, 24 PS §25-2541, which section includes payments on account of transportation of handicapped children, and since school districts must return such payments to the State when the county board furnishes the transportation, it seems apparent that the cost of transportation furnished by the county board is to be paid from the appropriation for transportation expense and not from the appropriation for education of handicapped children. As noted above, however, this cost cannot

[6] Public School Code of 1949, sec. 2509.1, 24 PS §25-2509.1.

[7] Id., sec. 631, 24 PS §6-631.

include the purchase of vehicles by the county board since it has no authority to make such purchases.

V. Sections 927 and 928 of the code, 24 PS §§ 9-927 and 9-928, require the annual auditing of the accounts of the treasurer of the county board and the bonding of said treasurer. Section 929 of the code, 24 PS §9-929, authorizes the payment of compensation to both the secretary and treasurer of the county board. Section 925 (10) of the code, 24 PS §9-925 (a) (10), empowers the county board to employ an attorney for $100 per year, or for a greater sum if approved by the court of common pleas. No provision is made for payment of the audit, but the costs of the bond and the compensation are to be paid from the funds of the county board.[8] The legal fees are to be paid from State appropriations.[9] It seems reasonable to conclude that the costs of the audit are also to be paid from the funds of the county board.

The "funds of the county board" are derived primarily from assessments of local districts.[10] It would be inappropriate to use State funds paid to the county board for conducting a program for handicapped children to pay for the normal costs of operation of the county board, such operation being chiefly concerned with services to local districts.[11] Similarly, since the State has expressly assumed payment of legal fees [12] and provides for such payments in the biennial appropriation,[13] there is no authority for paying legal fees from the funds provided for education of handicapped

---

[8] Public School Code of 1949, secs. 928 and 929, 24 PS §§9-928 and 9-929.

[9] Id., sec. 925 (a) (10), 24 PS §9-925 (a) (10).

[10] Public School Code of 1949, sec. 925 (a) (14), 24 PS §9-925-(a) (14).

[11] Id., sec. 925, 25 PS §9-925.

[12] Id., sec. 925 (a) (10), 24 PS §9-925 (a) (10).

[13] 1957 Appropriation Acts of the General Assembly 81.

children. Therefore, none of these costs should be included in the annual estimate of costs submitted by each county board for the education of handicapped children.

VI. Section 2510 of the code, 24 PS §25-2510, requires payments by the Commonwealth to the local districts on account of, among other things, homebound children, and such payment is made in the biennial appropriation.[14] The education of homebound children is authorized by section 1372 of the code, 24 PS §13-1372, with regard to handicapped children not provided for by a special class or by a public school in the school district. This homebound educational program is to be implemented in accordance with rules and regulations of the Department of Public Instruction.

The code contains no definition of "handicapped children." However, section 1371, 24 PS §13-1371, refers to children who are not being properly educated and trained "because of apparent exceptional physical or mental condition." It is our belief that in preparing its standards for the education of handicapped children,[15] the State Council of Education necessarily must base its recognition of the types of handicaps on this phrase and that your question must also be answered in its light.

Thus viewed, pregnant girls cannot be considered as handicapped children; while mentally retarded children who are also physically disabled may be so considered.[16] We cannot answer your last question regarding children suffering from "social and emotional sicknesses" since we do not know what sicknesses are meant by such phrase. However, those sicknesses which mani-

[14] 1957 Appropriation Acts of the General Assembly 82.

[15] Public School Code of 1949, sec. 1372(1), 24 PS §13-1372(1).

[16] Physical disability is not necessary, of course. A mentally retarded child, whether or not physically disabled, may receive homebound instruction if not otherwise provided for.

fest themselves in an apparent exceptional physical or mental condition would be such handicaps as would entitle the sufferer to homebound instruction where he is not otherwise provided for, and the State Council may recognize such sicknesses in its regulations. Since this is primarily a medical problem, we cannot answer you in greater detail on this phase of your question.

To summarize our conclusions:

I. The State Council of Education, but not the Department of Public Instruction, may at its discretion require that personnel employed by county boards of school directors to perform supervisory functions in the program for handicapped children be certified in special education and/or psychology.

II. The Department of Public Instruction may not pay to an approved State or nonstate institution expenses for transportation, maintenance and instruction of physically handicapped children who are not blind, deaf or afflicted with cerebral palsy.

III. County boards of school directors should include, in their annual estimates of costs of classes or schools for handicapped children, expenses for furniture, apparatus and similar items.

IV. County boards have no authority to purchase equipment for the transportation of handicapped children. Any expenses incurred by them in otherwise providing transportation for such children should be paid from the appropriation for pupil transportation, not from the appropriation for handicapped children.

V. The expenses of auditing the accounts of and bonding the treasurer of the county board, paying compensation to the secretary and treasurer of the county board and paying for legal services to the county board should not be included in the annual estimate of costs of classes and schools for handicapped children submitted by the county boards.

VI. Homebound instruction may not be approved for girls who become pregnant while enrolled in school, but it may be approved for mentally retarded children, whether or not physically disabled. Such approval for children suffering from social and emotional sicknesses may be approved only if any specific sickness so-called manifests itself in an apparent exceptional physical or mental condition.